IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREW MILLER,

    Plaintiff,

v.                                             Case No. 2:17-cv-04224

WARDEN TERRY,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), for failure to state a claim upon which relief can be granted, and **DENY** his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), with a waiver of payment of the applicable filing fee.

**PROCEDURAL HISTORY**

    On October 26, 2017, the plaintiff filed what the court construed as a Complaint under 42 U.S.C. § 1983, alleging a violation of his procedural due process rights based upon the failure to provide him with a Notice of Withholding before deducting 40% of his "earnings" from his inmate trust account, in accordance with West Virginia Division of

Corrections' Policy Directive 111.06. The plaintiff does not appear to be challenging the March 1, 2017 amendment of the definition of "earnings" in the policy directive to include "funds provided the inmate by family or friends." (ECF No. 2 at 4 and 8, Ex. 1). Rather, he simply alleges that he was not provided with the required Notice of Withholding prior to the deduction of these funds from his account. (*Id*. at 4 and 11, Ex. 3).

The plaintiff's "Residential Transaction Details," attached to his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1, Attach. 1), which was also submitted as an exhibit to the Complaint (ECF No. 2, Ex. 2) before being placed in ECF No. 1, indicates that various deductions from his account were made for payment of court filing fees in both state court (at a rate of 40%) and federal court (at a rate of 20%) and for restitution payments. These appear to be the deductions of which he claims he did not receive notice. The Complaint seeks monetary damages of $1,000 for this alleged violation of his due process rights.

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A.[1] This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding

---

[1] At the time he filed the Complaint, the plaintiff was a prisoner who was approved to proceed *in forma pauperis*. Thus, both of these statutory provisions are applicable in this case.

the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

> While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. 678-79.

## ANALYSIS

An inmate has a recognized property interest in the funds in his prison trust account. *See Burks v. Pate,* 119 F. App'x 447, 450 (4th Cir. 2005) ("A prisoner has a protected property interest in his prison trust account"); *Morris v. Livingston,* 739 F.3d 740, 750 (5th Cir. 2014) ("We assume *arguendo* that inmates have a protected property interest in the funds in their prison trust fund accounts, entitling them to due process with respect to any deprivation of these funds."); *Montanez v. Sec'y Penn. Dep't of Corr.*, 773 F.3d 472, 483 (3d Cir. 2014) ("State prisoners plainly have a property interest in the funds in their inmate accounts."). However, such interest is limited because prisoners "are not entitled to complete control over their money while in prison." *See Mahers v. Halford*, 76 F.3d 951, 954 (8th Cir. 1996). Furthermore, the government has an "important state interest" in collecting restitution, costs, and fines from incarcerated criminal offenders to compensate victims. *Id.* at 956.

The Fourteenth Amendment protects inmates from being deprived of their property without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986). Nonetheless, the unauthorized deprivation of an inmate's prison account fund, either negligently or intentionally, "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Thus, even assuming that the plaintiff herein has a property interest in the funds in his inmate account, he cannot establish a plausible procedural due process violation grounded in the prison's alleged failure to provide him with a Notice of Withholding prior to deducting his court fees and restitution payments because the Complaint fails to allege that the prison's available grievance process, or other available state remedies, were inadequate to make a post-deprivation challenge to the propriety of the deductions from his inmate account. *See, e.g., Jacobs v. Dir. of Cal. Dep't of Corr.,* 470 F. App'x 693, 694 (9th Cir. 2012) (dismissing procedural due process claim for unauthorized deduction of court filing fees from inmate account because plaintiff had an adequate post-deprivation remedy under California law); *Kibunguchy v. Shnider,* No. 2:20-CV-0495 DB P, 2020 WL 2216564, at *2 (E.D. Cal. May 7, 2020), *report and recommendation adopted,* No. 2:20-CV-0495-TLN-DB, 2020 WL 4227342 (E.D. Cal. July 23, 2020) (dismissing due process claims asserting unauthorized deduction of restitution payments from inmate account); *Abney v. Alameida,* 334 F. Supp. 2d 1221, 1232 (S.D. Cal. 2004) (same); *cf Cary v. Goodrich*, 820 F. App'x 681 (10th Cir. 2020) (dismissing procedural due process claim for deprivation of legal books). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state plausible violation of his Fourteenth Amendment rights and is subject to dismissal under 28 U.S.C. § 1915A and 1915(e)(2)(B).

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** his Complaint (ECF No. 2) and **DENY** his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), with a waiver of payment of the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff **at the South Central Regional Jail**, where he appears to now be incarcerated.

October 20, 2020

Dwane L. Tinsley
United States Magistrate Judge