IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDREW MILLER,

        Plaintiff,

v.                                  CIVIL ACTION NO.  2:17-cv-04224

RALPH TERRY,

        Defendant.

**ORDER**

By standing order entered on January 4, 2016, and filed in this case on October 27, 2017, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley filed his PF&R on October 20, 2020 (ECF No. 4), recommending this Court dismiss the Complaint (ECF No. 2) for failure to state a claim upon which relief can be granted and deny the Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a

specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on November 6, 2020. (ECF No. 4.) To date, Plaintiff Andrew Miller has failed to submit any objection in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 4), **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), and **DISMISSES** this action. The Court **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 2, 2020

THOMAS E. JOHNSTON, CHIEF JUDGE